DURRIVE ET AL.
*vs.*
FRERE.

DURRIVE ET AL. *vs.* FRERE.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where, in a contract, certain facts are expressly stated, all the consequences necessarily resulting from them are implied, and enter into the contract.

Where a planter sells his sugar crop on his plantation, for a certain price, and at the same time apprises the buyer that his agents in New-Orleans have authority and directions to sell it, the contract of sale will be considered as made under an implied or tacit suspensive condition, and the seller is only bound to comply in case his agents have not sold in the meantime.

Whatever in a contract would have been clearly assented to by both parties, if it had been mentioned at the time, makes part of it.

This is an action for damages on account of the non-delivery of a quantity of sugar agreeably to an alleged contract.

The plaintiffs allege, that Charles De Blanc, a member of their commercial firm, on the 15th December, 1835, contracted with the defendant for the purchase of his sugar crop of that year, being one hundred and seventy-six hogsheads of prime sugar, at eight and a half cents per pound, to be delivered in a few days on his plantation; that the defendant failed and refused to deliver said sugar according to his agreement, whereby he is liable to pay damages for the amount of nett profits they might have made, had the sugar been delivered. They further show, that had said sugar been delivered at the time agreed upon, they could have sold it for twelve and a half cents per pound, which would have yielded them a profit of seven thousand eight hundred and fifty-four dollars, for which they pray judgment, as damages.

The defendant pleaded a general denial, and averred, that he admits Charles De Blanc, one of the plaintiffs, made a proposition to him in December, 1835, to buy his sugar crop, at eight and a half cents per pound, to which he assented;

but that the said Charles was at the same time apprised, and knew the fact well, that Lastrapes & Desmare, commission merchants in New-Orleans, were his agents to sell his sugar, and had full power and authority to sell it to any other person ; that these agents in the mean time, and before they could have any knowledge of this transaction, did sell the said sugar, and this respondent could not do otherwise than abide by and comply with the terms of the sale so made. He avers that this action is unjust and illegal, and prays that it be dismissed.

Upon this issue the cause was tried before a jury.

The evidence showed, that about the same time the agreement sued on was entered into, Lastrapes & Desmare sold the sugar in question, in the city of New-Orleans, for nine cents, deliverable on the plantation of defendant, in the parish of St. Mary, the 15th January following.

*Desmare*, a witness, says, that De Blanc called on him in New-Orleans, early in December, and he proposed to sell defendant's, and several other sugar crops in the neighborhood to him at eight and a half cents, cash, which he refused to give ; that De Blanc started to Attakapas, in a day or two afterwards. Witness received a letter from A. Fusilier, senr., dated the 12th December, 1835, whose sugar was included with that of the defendant's, that he would have been satisfied with the price he offered the sugar to Durrive and De Blanc at, and as he had not seen Mr. De Blanc yet, in Attakapas, he (witness) might sell the sugar to whom he pleased;. and upon this letter the sugar was sold in New-Orleans. Witness states that from the manner in which plaintiff called on him to buy the sugar in question, they must have known he had authority to sell it for defendant.

*A. Fusilier, fils*, a witness, says, that he received a letter from Lastrapes & Desmare, dated in New-Orleans, early in December, and brought by the same boat in which Mr. De Blanc came up, in which they state that sugar was worth eight and a half cents on the plantations ; that he (witness) showed this letter to De Blanc, who said they (L. & D.) had spoken to him in the city about the sale of sugar in Attakapas, but had come to no conclusion.

The whole evidence showed, that at the time De Blanc made the bargain with defendant for his sugar, in the parish of St. Mary, that he knew that Lastrapes & Desmare had authority to sell the same sugar in New-Orleans ; that Lastrapes & Desmare advised the defendant, and others, by letter, dated 18th December, 1835, that they had sold their sugar for nine cents per pound, in New-Orleans. The defendant refused, on receipt of this information, to deliver his sugar to plaintiffs, except about three hogsheads which he made a present to them.

The district judge who presided at the trial, instructed the jury as follows :

" There are two sales of the sugar in question ; the first in point of time, was made by defendant to plaintiffs ; the second, by defendant's agents in New-Orleans, to another person. Either of these sales would be good against the seller, and whichever buyer first got possession, would hold the sugar against the other. As far as depended on the mere agreement of sale without delivery, the first in point of time would be considered best, if there was a contest between the buyers ; but even the last sale was binding on the seller, as his agents were authorised to sell, and did not know that their power was at an end. The principal was bound to ratify it.

" It is urged, that plaintiffs knew at the time they bought of defendant, that his agents were authorised to sell the same sugar in New-Orleans, and were aware of the probability of its being then sold, or before the agents could be informed, etc. ; that defendant sold in the belief that his agents had not sold, or sold under the implied condition that it had not been sold by his agents, or would not be sold before he could inform them of this sale. If there had been an expressed condition of this kind, there would be no difficulty ; this sale would be suspended by it, until it could be known whether it would be sold by defendant's agents when they heard from their principal ; but there is no expressed condition."

" The first question for the jury to consider or to ascertain, is, whether this was understood by both parties. If the evidence and circumstances of the case show that defendant

made the sale on condition or belief that his agents should *WESTERN DIST.* not have made it when they would hear from him ; and *Sept.* 1837. whether plaintiffs knew that defendant acted from this motive, DERRIVE ET AL. and on this belief. If the evidence shows that this was the *vs.* FRERE. motive of defendant, and that plaintiffs knew it, and from all the circumstances of the case, this condition was clearly understood between them, then this tacit condition would be as binding on them as if it had been expressed ; and that the plaintiffs would have no right to recover damages, because it would be a sale with a suspensive condition understood."

Exceptions were taken to parts of this charge.

There was a verdict and judgment against the defendant of ten dollars in damages and costs, and the plaintiffs appealed.

On the appeal the defendant prays, that judgment be rendered in his favor.

*Caillet* and *W. B. Lewis*, for plaintiffs.

1. It was not necessary to put defendant *in mora*, because the violation of the contract complained of, was *active.* *Louisiana Code*, 1925, 1926, and 1927. *n.* 1.

2. The proper measure of damages is the *loss* plaintiffs have sustained, and the profits of which they have been deprived by defendant failing to comply with his contract. *Louisiana Code*, 1928. 6 *Toullier*, 273. *n.* 263.

3. Defendant is liable for such damages as may reasonably be supposed to have been contemplated by the parties, at the time of making the contract. *Louisiana Code*, 1928. *n.* 1. 6 *Toullier*, 275–6. *n.* 264.

4. The damages ought to be estimated according to the value of the sugar in New-Orleans, the port of its destina-tion, and the place where defendant knew plaintiff intended to convey and sell it.

*Simon* and *Bowen*, for defendant.

The plaintiffs' agent (C. De Blanc) had full knowledge when he contracted, of the defendant having authorised his agents in New-Orleans, to sell the sugar in question. De

48

WESTERN DIST.  Blanc had himself applied to the agents in New-Orleans,
  Sept. 1837.   before he came to Attakapas, to purchase this sugar, and
DURRIVE ET AL.  instead of closing the bargain with them, came and applied
     vs.        to the principal at his plantation, expecting to get a better
  FRERE.        bargain; but he knew at the same time, the agents could
sell immediately to any other person. He made the contract
with the defendant, knowing all this; and of course run the
risk of its being sold in New-Orleans.

2. The plaintiffs' agent and partner, purchased the
defendant's sugar crop with the *tacit* condition, that it could
be delivered only in case it was not sold in New-Orleans. It
having been so sold, the condition applies, and the defendant
is not bound to deliver the sugar to the plaintiffs.

3. As to the question of the sufficiency or insufficiency of
damages, they cannot in any event amount to more than the
difference of the price, between the time of contracting and
that of executing the obligation; and that the rule of
damages should be the price of the article at the time and
place of delivery. *Louisiana Code,* 1928, 2418. 6 *Toullier,*
*No.* 540. 12 *Martin,* 675. 8 *Louisiana Reports,* 521.
*Domat, liv.* 1, title 2, section 2, *Nos.* 16, 17, 18. 14 *Johnson,*
128, 170. 3 *Wheaton,* 200. 3 *Cranch,* 297. *Wharton's*
*Digist,* 108, *Nos.* 39, 40.

*Martin, J.,* delivered the opinion of the court.

The facts of this case are these: The plaintiffs are
merchants, and partners; one of them came to the defendant's
plantation to purchase his crop of sugar, and was informed
that he might have it at the price he offered, but was told
that the defendant had before that time given orders to his
commission merchants, in New-Orleans, to dispose of it. On
hearing afterwards that they had done so, the defendant
declined delivering the sugar to the plaintiffs. The present
suit is brought, to recover in damages, the profits which the
plaintiffs allege they would have made if the sugar had been
delivered to them. They had a verdict and judgment, and
appealed in order to obtain greater damages.

The defendant complains also, of the judgment, and prays that it may be reversed, and that judgment be given in his favor.

Our attention is first drawn to exceptions taken to the charge of the judge. It is only necessary to consider that which relates to the part of the charge instructing the jury to inquire, whether the defendant " made the sale on condition, or in the belief that his agents had not made it then, nor should have made it before they heard from him ; and whether the person he contracted with so understood it ; that if both these inquiries were answered in the affirmative, the contract was made under an implied or tacit suspensive condition, and the plaintiffs were not entitled to recover."

It does not appear to us that the judge erred. When in a contract certain facts are expressly stated, all the consequences necessarily resulting from them are implied. It is stated in this contract, that the commission merchants had been directed to sell the defendant's crop. One of the consequences necessarily resulting from this fact was, that the crop might have been sold at the time the contract was made, or after and before the defendant's commission merchants could hear from him. In either of which cases the defendant would have been bound to deliver the crop to the vendee of his agents in New-Orleans, and could not honestly deliver it to the plaintiffs. The contract, therefore, was made under an implied or tacit suspensive condition, to wit : that no sale had been made by the defendant's agents, which would prevent the delivery of the crop to the plaintiffs. Paley says, " whatever in a contract would have clearly been assented to by both parties, if it had been mentioned at the time, makes part of it." If the defendant, therefore, had mentioned, that if the crop was sold in New-Orleans, the plaintiffs could not demand a delivery of it, they certainly would have assented to this modification of their contract. The testimony establishes the fact, that the defendant distinctly informed the plaintiffs of the orders he had given to his agents, in New-Orleans, for the sale of his sugar crop ; and of the probability that a sale had been or

Where in a contract certain facts are expressly stated, all the consequences necessarily resulting from them are implied and enter into the contract.

Where a planter sells his sugar crop on his plantation for a certain price, and at the same time apprises the buyer that his agents in New Orleans have authority and directions to sell it, the contract of sale will be considered as made under an implied or tacit suspensive condition, and the seller is only bound to comply in case his agents have not sold in the meantime.

Whatever in a contract would have been clearly assented to by both parties, if it had been mentioned at the time, makes part of it.

WESTERN DIST. might be effected by them. From this view of the case, we
Sept. 1837. conclude, that the plaintiffs are not entitled to recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; the verdict set aside, and that there be judgment for the defendant with costs in both courts.